IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **ROBERTO CARBAJAL, LEONEL PERALTA, GERONIMO MACHADO, JUAN TAPIA, NATALIO MACHADO, SANTOS MACHADO, ERIK ZAVALA, AND HUGO BALBOA,** on behalf of themselves, and all other plaintiffs similarly situated, known and unknown, <br><br> Plaintiffs <br><br> v. <br><br> **KCG MANAGEMENT, LLC, AND MARK KROG, INDIVIDUALLY,** <br><br> Defendants | **N<u>o</u>.** 16 - cv - 6005 <br><br> ***JURY DEMAND*** |

# COMPLAINT

NOW COME Plaintiffs, **ROBERTO CARBAJAL, LEONEL PERALTA, GERONIMO MACHADO, JUAN TAPIA, NATALIO MACHADO, SANTOS MACHADO, ERIK ZAVALA, AND HUGO BALBOA,** on behalf of themselves and all other Plaintiffs similarly situated, by and through their attorneys Tom Geoghegan and Meghan A. VanLeuwen, and for their Complaint against Defendants, **KCG MANAGEMENT, LLC, AND MARK KROG, INDIVIDUALLY,** state as follows:

### I. NATURE OF ACTION

1. This action is brought under the Fair Labor Standards Act (FLSA), 29 U.S.C. §201 *et seq.*, the Illinois Minimum Wage Law (IMWL), 820 ILCS 105/1 *et seq.*, and the Illinois Employee Classification Act (ECA), 820 ILCS 185 *et seq.*

### II. JURISDICTION AND VENUE

2. Jurisdiction arises under the provisions of the Fair Labor Standards Act, 29 U.S.C. §§ 206-207, and for the supplemental Illinois statutory claims, pursuant to 28 U.S.C. §1367. Venue lies in the Northern District of Illinois in that during all times relevant to the employment relationship Plaintiffs performed work in this district and are residents of this district, and

Defendants are or were engaged in business in this district.

### III. THE PARTIES

3. Defendant, **KCG MANAGEMENT, LLC,** provides landscaping, maintenance, and snow plowing services. As such, Defendant's services qualify as an enterprise engaged in commerce as defined by the FLSA, and as a construction contractor for purposes of the ECA. During all relevant times Defendant was acting directly or indirectly in the interest of the employer in relation to the employee Plaintiffs and therefore, as defined under both the federal and state statutes relied upon, is an "employer."

4. Defendant, **MARK KROG,** is an owner of Defendant KCG Management LLC and is involved in the daily operations of the company. At all times relevant hereto, Defendant Krog was acting directly or indirectly in the interest of the employer in relation to the employee Plaintiffs and therefore, as defined under both the federal and state statutes relied upon, is an "employer."

5. Plaintiffs, **ROBERTO CARBAJAL, LEONEL PERALTA, GERONIMO MACHADO, JUAN TAPIA, NATALIO MACHADO, SANTOS MACHADO, ERIK ZAVALA, AND HUGO BALBOA,** (hereinafter "the named Plaintiffs"), are former employees who performed work for Defendants as landscaping and maintenance laborers and drivers, and during the winters, snowplow drivers and salt truck operators. All other unnamed Plaintiffs known and unknown (hereinafter referred to as "members of the Plaintiff Class" or "similarly situated Plaintiffs"), are past or present employees who work or worked for Defendants as described above. As employees performing duties for an enterprise engaged in commerce, the named Plaintiffs and all members of the Plaintiff Class were also engaged in commerce as defined by the FLSA.

### IV. FACTUAL ALLEGATIONS

6. Plaintiffs at all times pertinent to the cause of action were employed by Defendants, said employment being integral and indispensable to Defendants' business.

7. Defendants employed Plaintiffs at varying rates of pay in both the winter and summer seasons from approximately 2013 through early 2016.

8. Throughout their employment during all seasons, Plaintiffs customarily worked over forty hours per week, yet were paid at their straight rate of pay for all hours worked, including those over forty in a workweek.

9. Plaintiffs and all similarly situated employees were classified and paid as "independent contractors" by Defendants, yet their job duties and their working relationship to Defendants did not qualify them as *bona fide* independent contractors. Specifically:

(a) Plaintiffs were required to report to the company location at a set time and work a set amount of hours, as dictated by Defendants;

(b) Plaintiffs used Defendants' tools, drove or traveled in Defendants' vehicles, and held themselves out as employees of Defendants' company;

(c) Plaintiffs were required to wear a specific uniform bearing the company's logo ("KCG Management");

(d) Plaintiffs were employed on a semi-permanent, full-time basis, and their job duties contributed to Defendants' primary or sole business purpose (to provide landscaping, maintenance, construction, and snow and ice removal services).

10. Furthermore, during the relevant time period Defendants failed to compensate Plaintiffs for all time worked and engaged in a practice of shorting Plaintiffs' hours. Additionally, some or all Plaintiffs were not paid for their final week of work subsequent to the termination of their employment for Defendants.

11. Moreover, during the course of Plaintiffs' employment, Defendants made deductions from Plaintiffs' and similarly situated employees' wages including but not limited to the costs of uniforms. These deductions: (1) were not required by law; (2) were not to Plaintiffs' benefit; and (3) were not made with the express written consent of Plaintiffs, given freely at the time the deductions were made.

## V. CLASS ACTION ALLEGATIONS

12. Plaintiffs bring this case as a class action pursuant to Fed. R. Civ. P. 23 as for their state law claims for overtime wages arising under the IMWL (Count II); for misclassification of Plaintiffs and other similarly situated employees as independent contractors under the ECA (Count III); and for unlawful deductions arising under the IWPCA (Count IV).

13. The Counts referenced in paragraph 12 are brought pursuant to Fed. R. Civ. P. Rule 23(a) and (b) because:

 (i) the class is so numerous that joinder of all members is impracticable. Although the precise number of class members is unknown at this time, Plaintiffs estimate there are at least forty putative class members throughout the relevant statutory periods; and

 (ii) there are questions of fact or law common to the class, and common questions predominate over any questions affecting only individual members.

14. The common questions of fact or law include but are not limited to the allegations set forth in Section IV, ¶¶ 8 -11 of this Complaint: that Defendants misclassified Plaintiffs and others similarly situated as independent contractors, that Defendants paid a straight rate of pay for all hours worked in a workweek and engaged in a practice of shorting employees' pay, and that Defendants made unlawful deductions from Plaintiffs' and similarly situated workers' wages.

15. Furthermore, Plaintiffs and members of the class have been equally affected by Defendants' failure to comply with the laws as described above, and Plaintiffs, putative class members, and Defendants have a commonality of interest in the subject matter and remedies sought.

16. Plaintiffs are able to fairly and adequately represent the interest of the classes, whereas if individual actions were required to be brought by each member of the class injured or affected, the result may be an array of actions creating hardship for the class members, Defendants and this Court.

17. Accordingly, a class action is an appropriate method for the fair and efficient adjudication of this lawsuit.

## COUNT I

**VIOLATION OF FAIR LABOR STANDARDS ACT
UNPAID OVERTIME
Plaintiffs on behalf of themselves and others similarly situated
216(b) Collective Action**

1-17. Paragraphs 1 through 17 are re-alleged and incorporated as though set forth fully herein as paragraphs 1 through 17 of this Count I.

18. Pursuant to the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.*, and the Portal-to-Portal Act, 29 U.S.C. §251 *et seq.,* the named Plaintiffs, and all other Plaintiffs similarly situated, known and unknown, are entitled to compensation for all hours worked and compensation at a rate not less than one and one-half times their regular rate of pay for all hours worked in excess of forty hours in any week, during the three years preceding the filing of this action.

19. Defendants have at all times relevant hereto failed and refused to pay overtime compensation to their employees, including the named Plaintiffs herein, and all other Plaintiffs similarly situated, known and unknown, as described above.

20. Defendants' failure and refusal to pay Plaintiffs and others similarly situated at their overtime rate of pay was willful in that Defendants knew or should have known that Plaintiffs were entitled to overtime pay under the FLSA.

WHEREFORE, Plaintiffs, on behalf of themselves and all other Plaintiffs similarly situated, known and unknown, respectfully request this Court to enter an order:

    (a) awarding back pay equal to the amount of all unpaid overtime compensation for the three years preceding the filing of this Complaint, according to the applicable statute of limitations;

    (b) awarding prejudgment interest with respect to the total amount of unpaid overtime compensation;

    (c) awarding Plaintiffs their reasonable attorneys' fees and costs incurred as a result of Defendants' violations of the Fair Labor Standards Act; and

    (d) for such additional relief as the Court deems appropriate under the circumstances.

## COUNT II

### VIOLATION OF THE ILLINOIS MINIMUM WAGE LAW
### UNPAID OVERTIME
**Plaintiffs on behalf of themselves and others similarly situated**
**Class Action**

1-20. Paragraphs 1 through 20 of Count I are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 20 of this Count II.

21. As described in the foregoing paragraphs, Defendants' compensation policies and practices are in violation of the Illinois Minimum Wage Law, 820 ILCS 115/1 *et seq.*

22. Defendants have at all times relevant hereto failed and refused to pay overtime compensation to their employees, including the named Plaintiffs herein, and all other Plaintiffs similarly situated, known and unknown, as described above.

23. Defendants' failure to pay compensation as described above, has been willful and/or in bad faith in that Defendants knew or should have known that Plaintiffs were entitled to overtime pay under the IMWL.

WHEREFORE, Plaintiffs, on behalf of themselves and all other Plaintiffs similarly situated, known and unknown, respectfully request this Court to enter an order:

(a) declaring and decreeing Defendants' compensation practices as described herein, and such other violations which may come to light during the prosecution of this matter, in violation of the provisions of the Illinois Minimum Wage Law;

(b) allowing this action to be maintained as a class action pursuant to Fed. R. Civ. P. 23(a) and (b);

(c) ordering Defendants to pay statutory damages pursuant to the formula set forth in 820 ILCS 105/12(a);

(d) directing Defendants to pay to Plaintiffs their reasonable attorneys' fees, costs, and litigation expenses, as provided by statute; and

(e) for such additional relief the Court deems just and appropriate under the circumstances.

## COUNT III

## VIOLATION OF THE ILLINOIS EMPLOYEE CLASSIFICATION ACT
## EMPLOYEE MISCLASSIFICATION
**Plaintiffs on behalf of themselves and others similarly situated**
**Class Action**

1-23. Paragraphs 1 through 23 of Count II are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 19 of this Count III.

24. As described in the foregoing paragraphs, Defendants' policy and practice of treating employees as independent contractors is in violation of the Illinois Employee Classification Act.

25. Defendants' failure to classify Plaintiffs and other putative class members as employees was willful as Defendants knew or should have known that their employees were not properly classified as independent contractors.

WHEREFORE, Plaintiffs, on behalf of themselves and all other Plaintiffs similarly situated, known and unknown, respectfully request this Court to enter an order:

(a) declaring and decreeing Defendants' compensation practices as described herein, and such other violations which may come to light during the prosecution of this matter, in violation of the provisions of the Illinois Employee Classification Act;

(c) allowing this action to be maintained as a class action pursuant to Fed. R. Civ. P. 23(a) and (b);

(c) ordering Defendants to pay statutory damages pursuant to the formula set forth in 820 ILCS 185/40 and 185/45;

(d) directing Defendants to pay to Plaintiffs their reasonable attorneys' fees, costs, and litigation expenses, as provided by statute; and

(e) for such additional relief the Court deems just and appropriate under the circumstances.

Respectfully submitted,

*Electronically Filed 06/08/2016*

/s/ Tom Geoghegan
_____
Tom Geoghegan

DESPRES, SCHWARTZ, & GEOGHEGAN, LTD.
77 W. Washington St. Room 711
Chicago, IL, 60602
(312) 372-2511

/s/ Meghan A. VanLeuwen
_____
Meghan A. VanLeuwen

FARMWORKER AND LANDSCAPER
ADVOCACY PROJECT
33 N. LaSalle Street, Suite 900
Chicago, IL 60602
(312) 784-3541

Attorneys for Plaintiffs, and all other Plaintiffs similarly situated known or unknown.